AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

UNITED STATES OF AMERICA

vs.

**MARLON DAVIS WEAVER**

## JUDGMENT IN A CRIMINAL CASE

Case Number**:   4:13CR00238-RBH (1)**

USM Number: 25220-171

L. Morgan Martin, Retained
Defendant's Attorney

**THE DEFENDANT:**

■   pleaded guilty to count two (2) on July 8, 2013.

☐   pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐   was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1956(a)(1)(B)(i),<br>18:1956(a)(1)(B)(ii),<br>18:1956(h), 1957 & 18:2 | Please see indictment | October 2011 | 2 |

       The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐      The defendant has been found not guilty on count(s)_____

■      Counts 1, 3, 4, 5, 6 and 7   ☐ is  ■ are    dismissed on the motion of the United States.

☐      Forfeiture provision is hereby dismissed on motion of the United States Attorney.

       It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

June 4, 2015
Date of Imposition of Judgment

/s/ R. Bryan Harwell

Signature of Judge

Hon. R. Bryan Harwell, U.S. District Judge
Name and Title of Judge

June 11, 2015
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment                                                                                           Page 2

DEFENDANT: **MARLON DAVIS WEAVER**
CASE NUMBER: **4:13CR00238-RBH (1)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of for a term of **twelve (12) months and one (1) day**.

■    The court makes the following recommendations to the Bureau of Prisons :    That the Defendant be allowed to serve his sentence at Edgefield  FCI

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:
     ☐ at  ☐ a.m.  ☐ p.m. on                                                 .
     ☐ as notified by the United States Marshal.

■    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     ☐ before 2 p.m. on                                                 .
     ■ as notified by the United States Marshal.
     ☐ as notified by the Probation or Pretrial Services Office.

## __RETURN__

I have executed this Judgment as follows:


Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                                    _____
                                                    UNITED STATES MARSHAL

                                        By_____
                                                     DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case

Sheet 3 - Supervised Release

Page 3

DEFENDANT: **MARLON DAVIS WEAVER**

CASE NUMBER: **4:13CR00238-RBH (1)**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.
While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. § 3583(d). The defendant shall also comply with the following special conditions:
1. The defendant shall pay any unpaid restitution to the Clerk, U.S. District Court, at a rate of not less than $1,000.00 per month beginning 30 days after his release from confinement. The Court reserves the right to increase payments based upon any increase in financial status. 2. The defendant shall submit financial documents and verification of income and expenses to the U.S. Probation Office as requested.3. The defendant shall not open any new lines of credit or incur new credit charges without the prior approval of the U.S. Probation Office .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests *thereafter, as determined by the court.*

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependents and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Criminal Monetary Penalties

Page 4

DEFENDANT: MARLON DAVIS WEAVER
CASE NUMBER: 4:13CR00238-RBH (1)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 100.00** | - | **$ 1,201,000.00** |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless otherwise specified in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **Safeco Insurance Company of America** | **$1,201,000.00** | **$1,201,000.00** | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | **$1,201,000.00** | **$1,201,000.00** | |

☐   Restitution amount ordered pursuant to plea agreement     **$ _____**

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ■       The interest requirement is waived for the ☐ fine ■ restitution.
    ☐       The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case

Sheet 4 - Schedule of Payments                                                                             Page 5

DEFENDANT: MARLON DAVIS WEAVER
CASE NUMBER: 4:13CR00238-RBH (1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ■    Lump sum payment of **$100.00 (special assessment) and $1,201,000.00 (restitution)** due immediately, balance due

         ☐   not later than _____, or

         ☐   in accordance with    ☐ C,    ☐ D, or    ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,   ■ D, or    ☐ F below); or

C    ☐    Restitution payment in monthly installments of _____ to commence *30 days* after the date of this judgment; or

D    ■    Restitution payment in <u>monthly</u> installments of <u>not less than $1000.00</u> to commence *30 days* after his release from imprisonment.

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.
☐   The defendant shall pay the following court cost(s):
■   The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed <u>**July 24, 2013**</u> and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 4:13CR00238-RBH |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| **MARLON DAVIS WEAVER** | ) |
| | ) |
| | ) |

## JUDGMENT AND ORDER OF FORFEITURE

1.      On March 26, 2013, a federal grand jury in this district returned an Indictment charging Defendant, Marlon Davis Weaver ("Weaver", "Defendant"), with mail fraud, in violation of 18 U.S.C. § 1341, conspiracy to launder money, in violation of 18 U.S.C. §§ 1956 and 1957, conspiracy to structure, in violation of 18 U.S.C. § 371, and money laundering, in violation of 18 U.S.C. § 1957. Pursuant to Fed.R.Crim.P. 32.2(a), the Indictment contained a forfeiture allegation which provided that upon Weaver's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 31  U.S.C. § 5317(c), and 28 U.S.C. § 2461(c).

2.      On July 8, 2013, Weaver pled guilty to Count 2 of the Indictment, which charged him with conspiracy to launder money, in violation of 18 U.S.C. §§ 1956 and 1957. Based upon Weaver's guilty plea and other matters appearing in the record,

the court has determined that the scheme involved $1,200,000.00 in criminally derived proceeds. The court finds that the United States is entitled to a money judgment against Weaver in the amount of $1,200,000.00, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A).

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.    The Defendant shall forfeit to the United States all of his right, title and interest in and to any property, real or personal, tangible and intangible, constituting or derived from any proceeds Defendant obtained directly or indirectly as a result of his violation of 18 U.S.C. § 1956, and any property used to facilitate Defendant's offense of conviction.

2.    JUDGMENT IS ENTERED against Defendant, and in favor of the United States in the amount of $1,200,000.00 together with appropriate costs provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full, and the United States may satisfy such money judgment from any property of the Defendant.

3.    Upon entry, this Order becomes final as to Defendant, and shall be made part of his sentence and included in the criminal Judgment.

4.    Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed.R.Crim.P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.      The United States may sell or otherwise dispose of in accordance with law any substitute assets as required to satisfy the above imposed money judgment.

6.      The government is not required to publish notice regarding the personal money judgment against the Defendant; however, the judgment shall be recorded in the records of the County Clerk's Office in the county of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

7.      The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.      The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office for service of interested third parties and other purposes.

**AND IT IS SO ORDERED**.

> s/ R. Bryan Harwell
> R. BRYAN HARWELL
> UNITED STATES DISTRICT COURT

Florence, South Carolina

July 24, 2013

Order, p. 3 of 3